{¶ 30} I respectfully dissent from the majority opinion. When considering the evidence in a light most favorable to appellant as required by Civ.R. 65, I believe reasonable minds could differ whether the drain was loose at the time of appellant's fall and whether the danger posed by the recessed, loose drain was open and obvious.
 {¶ 31} The fact appellant could have seen the drain had she looked down is not determinative. Such observation may not have revealed the drain was loose nor is it unexpected the appellant's attention was directed to negotiating the stall doors rather than the floor. Furthermore, inconsistency between appellant's claim of an obstructed view of the drain when exiting the stall and the pictures of the restroom go to credibility. Weighing of evidence is prohibited in summary judgment proceedings.
 {¶ 32} Finally, I note the majority mentions appellant must additionally prove appellee had prior sufficient notice of the hazard before the duty to warn a business invitee arises. Because this issue was not briefed or argued by the parties in this Court nor did this issue form the basis of the trial court's decision, I find any reliance by the majority on the lack of evidence regarding notice misplaced.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Stark County, Ohio, is affirmed. Costs assessed to appellant.